WILLIAMS, Judge.
This is a suit filed by Eugene E. Miller, one of the original defendants, for nullity of a judgment obtained by plaintiffs. The City Court of Monroe sustained an exception of no right or cause of action filed by appellees and dismissed Miller’s suit.
On June 21, 1967 plaintiffs filed suit against defendants Eugene E. Miller and Red Barn Chemicals, Inc.,, in the City of Monroe, Louisiana. Service was made on Red Barn on June 22, 1967 and on Miller June 23, 1967. No further action was taken by plaintiffs until September 22, 1967 approximately three months after proper service. Defendant Red Barn Chemicals, Inc., filed an answer on September 18, 1967; however, defendant Eugene E. Miller did not file an answer prior to trial on September 22, 1967 nor did he appear at the trial. Testimony was taken in court and a judgment was rendered and signed on September 22, 1967 which judgment dismissed the suit against Red Barn Chemicals, Inc., as of nonsuit, but granted judgment against the defendant Eugene E. Miller in favor of plaintiffs. Notice of this default judgment was served on Miller on September 22, 1967.
*794 On October 27, 1967 Miller filed suit in the City Court of Monroe asking for nullity of the judgment on the following grounds:
(A) He had a valid defense as a matter of law to urge;
(B) He was under the mistaken belief that the Olympic Insurance Company was urging all defenses possible on his behalf;
(C) Enforcement of this judgment would be unconscionable and inequitable; and
(D) The judgment was obtained against him by means of fraud and ill practice.
The original plaintiffs filed:
(A) A motion for summary judgment, and
(B) An exception of no cause or right of action.
Red Barn Chemicals, Inc., also named in Miller’s pleadings, filed an exception of no cause of action.
An affidavit in opposition to the motion for summary judgment was filed by Miller on November 15, 1967 in which he states that he could rebut any evidence of liability to original plaintiffs if given an opportunity; that he forwarded the suit papers served on him in this matter through his insurance agency to an adjuster for the Olympic Insurance Company, and, when two or three days later he called the insurance adjuster, he was advised that the adjuster was looking at the suit papers; he assumed and had good reason to believe the insurance company would defend the original suit. Therefore he did nothing further.
Based upon the above, Miller contends that under the provisions of LSA-C.C.P. Art. 2004 a fraud and ill practice had been perpetrated upon him, not by any party to the suit but by the Olympic Insurance Company. Miller further contends that he was lulled into believing the insurance company would appear on his behalf and accordingly he is entitled to have the default judgment declared a nullity.
The cases cited by Miller in support of his contention were instances in which defendants depended upon retained attorneys at law or attorneys at law they thought they had retained to appear on their behalf. Here Miller’s reliance was that of assuming that a third person, an insurance company, would undertake his defense. This assumption being correct, his cause or complaint should be directed at the one that violated the contract with him, not to set aside a judgment legally obtained, which is now the legal property of the successful plaintiffs.
The lower court distinguished the cases cited by Miller from the instant one as applying only in instances where actions or lack of actions of an attorney at law were involved. The attorneys at law are officers of the court and their actions or the lack thereof is subject to inquiry by the court.
The decision from which this appeal was taken refused to extend the above reasoning to include an insurance company and sustained the exception of no right or cause of action. In this we agree.
Therefore, the decision of the City Court of Monroe is affirmed at appellants’ cost.